**United States District Court**
**For The Southern District of Florida**

Raphael Perez and Martha Perez,

      Plaintiffs,

vs.                            Civil Action No.

Ocwen Loan Servicing, LLC,

      Defendant.

_____/

## Complaint and Demand for Jury Trial

Plaintiffs, Raphael Perez and Martha Perez ("Plaintiffs"), sue Defendant, Ocwen Loan Servicing, LLC ("Defendant"), for monetary relief, including attorney fees and costs, and respectfully demand judgment against the Defendant on all claims pled against it in this complaint. Plaintiffs bring this action under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, its implementing regulation, Regulation X, 12 C.F.R § 1024 ("Regulation X"), the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), and its implementing regulation, Regulation Z, 12 C.F.R. § 1026 ("Regulation Z"), for multiple violations of the RESPA, TILA, Regulation X, and Regulation Z. The ultimate facts supporting Plaintiffs' entitlement to the requested relief are articulated in the numbered paragraphs below.

### Jurisdiction, Venue, and Parties

1.     This Court has subject matter jurisdiction over Plaintiff's claim under the RESPA and Regulation X pursuant to 12 U.S.C. § 2614 and under the TILA and Regulation Z pursuant to 15 U.S.C. § 1640(a).

2.     Venue is proper in the United States District for the Southern District of Florida under 12 U.S.C. § 2614 because it is the district in which the property involved is located.

3.      Plaintiffs is Florida residents residing in Miami-Dade County.

4.      Defendant is a corporation with its principal place of business in the State of Florida. At all times material to this action, Defendant regularly transacted business in the state of Florida.

<u>Introduction</u>

5.      In January 2013, the Consumer Finance Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA"), Public Law No. 111-203, 124 Stat. 1376 (2010).

6.      Specifically, on July 10, 2013, the CFPB issued mortgage rules under Regulation Z and Regulation X pursuant to its authority under the DFA, which became effective on January 10, 2014.

7.      Defendant is a loan "servicer" of the Plaintiff's "federally related mortgage loan" as those terms are defined in the RESPA, 12 U.S.C. § 2602(1) and 12 U.S.C. § 2605(i)(2) (the "Loan") and a closed-end consumer credit transaction secured by a consumer's principle dwelling as those terms are defined in TILA, 15 U.S.C. § 1641(f)(3) and § 1602.  Defendant receives payments from consumers and is responsible for distributing those payments to the investors who own the consumers' loans and, when the consumers' loans include escrow accounts, to the consumers' taxing authorities or insurance companies. Thus, it is a servicer within the meaning of RESPA. 12 C.F.R. § 1025.2(b). Thus, the Defendant is subject to the servicing requirements provided for in the RESPA and Regulation X.

8.      RESPA and Regulation X are applicable to all "federally related mortgage loans", which include any loans secured by a first or subordinate lien on residential real property upon

which a one-to-four family structure is located and which is made in whole or in part by any lender that is either regulated by or whose deposits or accounts are insured by an agency of the Federal Government. *See* 12 C.F.R. § 1024.2. Accordingly, Plaintiffs' Mortgage is a "federally related mortgage loan" as defined in Regulation X. *Id.*

9.    The sections of Regulation X which Plaintiff alleges have been violated by the Defendant were promulgated pursuant to § 6 of RESPA and are thus subject to RESPA's private right of action. *See* 78 Fed. Reg. at 10790 (describing the effect of promulgating a regulation pursuant to Section 6 of RESPA with respect to creating a private right of action).

10.    Plaintiff is asserting a claim for relief against Defendant for breaches of the specific rules under Regulation X and Regulation Z as set forth below.

11.    Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) and under TILA pursuant to 15 U.S.C. § 1640(a) for the claimed breaches and such action provides for remedies including actual damages, statutory damages, attorneys' fees and costs.

<u>Factual Allegations</u>

12.    Plaintiffs are the fee simple owners of the real property located at 9900 SW 70th Avenue, Miami, FL 33156 (the "Property")

13.    On or about November 25, 2003, Plaintiffs executed a promissory note and mortgage in favor of GreenPoint Mortgage Funding, Inc. (the "Mortgage").

14.    On or about October 17, 2017, Plaintiffs sent to Defendant a Request for Information specifically requesting, among other things, the identity and contact information for the current owner of the Plaintiffs' Mortgage (the "Loan Owner RFI"). A copy of the Loan Owner RFI is attached as Exhibit "A".

15.     On or about October 17, 2017, Plaintiffs sent to Defendant a Request for Information specifically requesting, among other things, an accurate payoff balance of the Plaintiffs' Mortgage (the "Payoff RFI"). A copy of the Payoff RFI is attached as Exhibit "B".

16.     On or about November 1, 2017, Defendant sent to Plaintiffs a letter titled Mortgage Reinstatement Quote which provided the amount necessary to reinstate the loan, but which failed to provide an accurate payoff amount of the loan. A copy of the Defendant's November 1st letter is attached as Exhibit "C".

17.     On or about November 9, 2017, after Defendant's failure to acknowledge receipt of the Loan Owner RFI, Plaintiffs sent to Defendant a notice of error notifying the Defendant that it had failed to acknowledge the Loan Owner RFI (the "Loan Owner Acknowledgement NOE"). A copy of the Loan Owner Acknowledgement NOE is attached as Exhibit "D".

18.     On or November 9, 2017, Plaintiffs sent to Defendant a Notice of Error notifying the Defendant that it had failed to timely respond to the loan owner information request made in the Loan Owner RFI (the "Loan Owner Response NOE"). A copy of the Loan Owner Response NOE is attached as Exhibit "E".

19.     On or about November 9, 2017, Plaintiffs sent to Defendant a Notice of Error notifying the Defendant that it had failed to timely respond to the payoff balance request made in the Payoff RFI (the "Payoff Response NOE"). A copy of the Payoff Response NOE is attached as Exhibit "F".

20.     On or about November 28, 2017, Plaintiffs sent to Defendant a Notice of Error notifying the Defendant that it had failed to acknowledge the Loan Owner Acknowledgment NOE (the "Second Loan Owner Acknowledgment NOE"). A copy of the Second Loan Owner Acknowledgment NOE is attached as Exhibit "G".

21.     On or about November 28, 2017, Plaintiffs sent to Defendant a Notice of Error notifying the Defendant that it had failed to timely respond to the Payoff Response NOE (the "Second Payoff Response NOE"). A copy of the Second Payoff Response NOE is attached as Exhibit "H".

22.     On or about December 26, 2017, Defendant sent to Plaintiffs a letter requesting an extension to respond to a previous request made by the Plaintiffs, but which is not specifically identified in any way. A copy of Defendant's December 26th letter is attached as Exhibit "I".

### Count I – Failure to Acknowledge Loan Owner RFI
### Violation of Regulation X, Section 12 C.F.R. § 1024.36(c)

23.     Plaintiffs incorporates the allegations in paragraphs 1-22 above into this count for damages.

24.     Section 1024.36(c) of Regulation X provides that "[w]ithin five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving an information request from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request." 12 C.F.R. § 1024.36.

25.     Defendant failed to provide to the Plaintiffs a written response acknowledging the Loan Owner RFI.

26.     Due to the Defendant's violation, Plaintiffs sent to Defendant the Loan Owner Acknowledgement NOE. See Exhibit "D".

27.     As a result, Plaintiffs incurred actual damages in the form of (1) legal fees and costs to prepare and mail the Loan Owner Acknowledgement NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that

Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f)(b).

28.     Accordingly, Plaintiffs are entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

### Count II – Failure to Timely Provide Loan Owner Information
### Violation of Regulation X, Section 12 C.F.R. § 1024.36(d)(2)(i)

29.     Plaintiffs incorporate the allegations in paragraphs 1-22 above into this count.

30.     Section 10.24.36(d)(2) provides that a servicer must provide the borrower with the requested information "[n]ot later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan…" 12 C.F.R. § 1024.36(d)(2).

31.     Plaintiffs' Loan Owner RFI asked that the Defendant provide the identity, address, and other relevant contact information for the owner or assignee of the Plaintiffs' Mortgage. See Exhibit "A".

32.     Defendant failed to provide the requested loan owner information.

33.     As a result, Plaintiffs prepared and mailed the Loan Owner Response NOE which notified the Defendant that it had committed an error by failing to timely provide the requested loan owner information. See Exhibit "E".

34.     As a result, Plaintiffs incurred actual damages in the form of (1) legal fees and costs to prepare each request for information and subsequent notices of error, including the Loan Owner Response NOE; (2) costs incurred in connection with the photocopying and mailing of the requests

for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiffs allege that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f)(b).

35.     Accordingly, Plaintiffs are entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

## Count III – Failure to Provide Timely Payoff Statement
## Violation of Regulation Z, Section 12 C.F.R. § 1026.36(c)(3), TILA, 15 U.S.C. 1639(g)

36.     Plaintiffs incorporate the allegations in paragraphs 1-22 above into this count for damages.

37.     Regulation Z, Section 1026.36(c)(3) states that a servicer "… must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer." 12 C.F.R. § 1026.36(c)(3).

38.     Plaintiffs sent Defendant a written request for a payoff balance on October 17, 2017 when it sent the Payoff RFI. See Exhibit "B".

39.     Defendant has failed to provide the requested payoff information as of the date of this filing. As a result, Plaintiffs sent to Defendant the Payoff Response NOE on November 9, 2017 notifying the Defendant of its error. See Exhibit "F".

40.     Defendant failed to respond within the timeline set forth by § 1026.36(c)(3) and is therefore in violation of Regulation Z and TILA. *See also* 15 U.S.C. § 1639(g) ("[a] creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower.").

41.     Accordingly, the Plaintiffs are entitled to both actual and statutory damages. Plaintiffs have incurred actual damages in the form (1) legal fees and costs to prepare the payoff request and subsequent notice of error for Defendant's failure to timely provide a payoff statement, including the Payoff Response NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for payoff figures and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation Z and TILA. Plaintiffs are additionally entitled to statutory damages in the amount of $4,000 as a result of Defendant's violation in connection with a "credit transaction not under an open end credit plan that is secured by real property or dwelling…." 15 U.S.C. § 1640(a)(1)-(2).

### Count IV – Failure to Acknowledge Loan Owner Acknowledgment NOE
### Violation of Regulation X, Section 12 C.F.R. § 1024.35(d)

42.     Plaintiffs incorporate the allegations in paragraphs 1-22 above into this count for damages.

43.     Regulation X requires that "[w]ithin five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving a notice of error from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the notice of error. 12 C.F.R. § 1024.35(d).

44.     On November 9, 2017, Plaintiffs sent to Defendant the Loan Owner Acknowledgment NOE. See Exhibit "D"

45.     Defendant has yet to acknowledge receipt of Plaintiffs' Loan Owner Acknowledgement NOE and is therefore in violation of § 1024.35(d).

46.     As a result of Defendant's violation, Plaintiffs sent to Defendant the Second Loan Owner Acknowledgement NOE. See Exhibit "G".

47.     As a result, Plaintiffs incurred actual damages in the form of (1) legal fees and costs to prepare and mail the Second Loan Owner Acknowledgement NOE; (2) costs incurred in connection with the photocopying and mailing of the notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f)(b).

48.     Accordingly, Plaintiffs are entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

**Count V – Failure to Respond to Payoff Response NOE**
**Violation of Regulation X, Section 12 C.F.R. § 1024.35(e)(3)(i)(A)**

49.     Plaintiffs incorporate the allegations in paragraphs 1-22 above into this count for damages.

50.     Section 1024.35(e) provides that a servicer must respond to a notice of error by either "[c]orrecting the error or errors identified by the borrower and providing the borrower with a written notification of the correction …" or "[c]onducting a reasonable investigation and

providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred…." 12 C.F.R. § 1024.35(e)(1)(A) and (B).

51.     The section requires that the servicer respond to a notice asserting errors under paragraphs (b)(6) of section 1024.35 "[n]ot later than seven days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error for errors asserted under paragraph (b)(6) of this section." 12 C.F.R. § 1024.35(e)(3)(i)(A).

52.     The Defendant has failed to respond to the Payoff Response NOE and is therefore in violation of Regulation X. 12 C.F.R. § 1024.35(e)(3)(i)(A). As a result of Defendant's violation Plaintiffs sent to Defendant the Second Payoff Response NOE. See Exhibit "H".

53.     As a result, Plaintiffs incurred actual damages in the form of (1) legal fees and costs to prepare and mail each notice of error, including the Second Payoff Response NOE; (2) costs incurred in connection with the photocopying and mailing of the notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f)(b).

54.     Accordingly, Plaintiffs are entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

## **Prayer for Relief**

Wherefore, Plaintiffs demand final judgment against Defendant providing for all of the following:

a.  awarding actual damages that have been and may be proximately caused by
    Defendant's violation of the RESPA, Regulation X, the TILA, Regulation Z;

b.  statutory damages under RESPA for Defendant's pattern and practice of non-
    compliance and under TILA for the Defendant's violation in connection with a
    credit transaction secured by the Plaintiffs' dwelling;

c.  prevailing party attorneys' fees and costs under 12 U.S.C. § 2605(f) and 15
    U.S.C. § 1640(a);

d.  awarding any further relief available under the law.

## **Jury Demand**

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors
permitted by law.

_____

January 10, 2018
Miami, FL

                                        Respectfully submitted,

                                        Ruzy Behnejad
                                        Florida Bar No. 111894
                                        ruzy@behnejadlaw.com
                                        Behnejad Law PLLC
                                        8724 Sunset Drive #261
                                        Miami, FL 33173
                                        Tel: 786.554.3999
                                        Attorney for Plaintiff

                                        */s/ Ruzy Behnejad*
                                        Ruzy Behnejad
                                        Florida Bar No. 111894